UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 0:15-cv-62004

JEFF VOGT,

    Plaintiff,
vs.

JEANNEAU AMERICA, INC.
d/b/a PRESTIGE YACHTS,
and INTERMARINE, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JEFF VOGT ("VOGT"), by and through his undersigned counsel, sues Defendants, JEANNEAU AMERICA, INC. d/b/a PRESTIGE YACHTS ("JEANNEAU") and INTERMARINE, INC. ("INTERMARINE"), and states:

### Jurisdictional Allegations

1.  This is an action by VOGT against JEANNEAU and INTERMARINE, for breach of express warranty, breach of implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and breach of Magnusson Moss Warranty Act, 15 USC 2301, *et seq*. This action is within this Court's jurisdiction pursuant to 28 U.S.C. 1331 and 1367.

2.  The events, actions and/or omissions giving rise to this action occurred in Fort Lauderdale, Florida. Venue is proper within the Southern District of Florida.

Case No.: 15-cv-62004
*Complaint*

## General Allegations

3. This action arises from the structural and other defective failures of the *M/Y En Route*, a 2013 44' Prestige motor vessel, and subsequent failures of the vessel's manufacturer, importer and seller, JEANNEAU, and/or its Florida dealer, INTERMARINE, to honor their warranty obligations.

4. At all times material hereto, VOGT was an individual residing in Cocoa Beach, Florida and is otherwise *sui juris*.

5. At all times material hereto, JEANNEAU was a vessel manufacturer, importer, dealer and/or seller of Prestige vessels, having its principal place of business in Annapolis Maryland, and doing business in Broward County, Florida.

6. At all times material hereto, INTERMARINE was a corporation authorized to do business in the State of Florida and doing business in Fort Lauderdale, Florida. INTERMARINE's principal place of business is in Dania Beach, Florida. INTERMARINE maintains offices in Dania Beach, Fort Lauderdale and Jupiter, Florida. INTERMARINE is an authorized dealer for the sale of Prestige vessels, including the M/Y *En Route*.

7. In 2013, JEANNEAU manufactured the *M/Y En Route* and imported her into the United States from the Jeanneau Boat Yard in France, and subsequently authorized, caused and/or directed her delivery to INTERMARINE in Fort Lauderdale, Florida. The *M/Y En Route*, or one of her sister vessels, were displayed for sale in the navigable waters of the Intracoastal waterway at the International Boat Show in Fort Lauderdale, Florida, by both JEANNEAU and INTERMARINE.

8. On or about April 12, 2014, VOGT purchased the *M/Y En Route* from JENNEAU's authorized dealer and agent, INTERMARINE. VOGT was the original purchaser

of the vessel. At the time of VOGT's purchase of the vessel, INTERMARINE's sales representative or broker represented to VOGT that the vessel was being sold with certain warranties from JEANNEAU. Copies of the sales contract and warranty that were provided to VOGT by INTERMARINE's sales representative or broker are attached as **Composite Exhibit "A."**

9. In 2015, VOGT discovered during a voyage up the coast of Florida that the vessel structure was abnormally flexing when underway, which caused significant cracking throughout the vessel's hull and interior finishes, and promptly reported the problems to INTERMARINE and/or JEANNEAU both verbally and in emails, and further demanded that JENNEAU make or pay for repairs. *See* VOGT's emails dated April 6, 2015 and May 19, 2015; August 21 and 25, 2015 letters from Joseph W. Janssen to Olivier Grossin, VOGT's list of defects, VOGT's Gel Coat Crack Inventory as of 2-23-15, and June 21, 2015 report by marine surveyor, Noel Miley, copies of which are attached as **Composite Exhibit "B."**

10. To date, INTERMARINE and JEANNEAU have failed to honor their warranty obligations to VOGT and have otherwise failed to assume any responsibility for the vessel's repairs, or offered to replace the vessel or provide a refund.

11. JEANNEAU is vicariously liable for the actions and/or omissions alleged herein of its authorized Florida dealer and agent, INTERMARINE.

12. All conditions precedent to the filing of this action have occurred, been waived and/or have been excused.

## COUNT I
## BREACH OF EXPRESS WARRANTY
*(VOGT against JEANNEAU)*

13. This is an action by VOGT against JEANNEAU for breach of express warranty, and is within this Court's jurisdiction pursuant to 28 U.S.C. 1367.

14. VOGT reavers and restates paragraphs 1 through 12 above, as if fully set forth herein.

15. JEANNEAU issued express warranties to VOGT. *See* **Composite Exhibit "A."**

16. Pursuant to the terms of the express warranties, JEANNEAU warranted that the vessel will be free of defects in material and workmanship for a period of two years from the date of delivery to the original purchaser.

17. JEANNEAU further expressly warranted that the hull and deck structure of the vessel will be free of structural defects in material and workmanship for a period of five years from the date of deliver to the original purchaser.

18. JEANNEAU through its express warranties also agreed to repair or replace any parts of the vessel or its equipment that had defects in material or workmanship, or issue payment or credit, to VOGT for the repairs.

19. JEANNEAU breached its warranties by manufacturing, importing, delivering, selling and or otherwise producing a vessel to VOGT, which was not free of defects in material or workmanship.

20. JEANNEAU was timely notified of the defects in the material or workmanship of the *M/Y En Route*.

21. JEANNEAU has breached its warranties by failing and/or refusing to repair, correct, replace or agree to issue payment or credit for the repairs of the defective materials and defective workmanship aboard the *M/Y En Route*.

Case No.: 15-cv-62004<br>*Complaint*

22. As a direct and proximate result of JEANNEAU's breaches of warranty, VOGT has suffered damages.

WHEREFORE, VOGT demands judgment against JEANNEAU for damages for breach of express warranty, including interest, costs and any other and further relief the Court deems just, equitable and proper.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF MERHANTABILITY**
*(VOGT against JENNEAU and INTERMARINE)*

23. This is an action by VOGT against JEANNEAU and INTERMARINE for breach of implied warranty of merchantability, and is within this Court's jurisdiction pursuant to 28 U.S.C. 1367.

24. VOGT reavers and restates paragraphs 1 through 12 above, as if fully set forth herein.

25. By virtue of his direct negotiations with JENNEAU through its representatives and its dealer agent, INTERMARINE, privity of contract was created with both INTERMARINE and JEANEAU notwithstanding JEANNEAU's imposition of its intermediary, INTERMARINE, to conclude the sale.

26. VOGT was a foreseeable user of the *M/Y En Route*.

27. JENNEAU and INTERMARINE made specific representations about the quality and fitness of the *M/Y En Route* to VOGT.

28. In particular, JEANNEAU and INTERMARINE represented that the vessel would be fit for use in the coastal waters of the United States, Gulfstream crossings to the Bahamas and for use within the territorial waters of the Bahamas.

29. Additionally, JEANNEAU and INTERMARINE implicitly warranted the vessel would be merchantable.

30. JEANNEAU and INTERMARINE breached these warranties.

31. In particular, *M/Y En Route* was not fit for use in the coastal waters of the United States, Gulfstream crossings to the Bahamas or for use within the territorial waters of the Bahamas. Instead, the vessel because of its poor quality, manufacturing and/or defective hull is not seaworthy for voyages in coastal waters, for Gulfstream crossings or for use in the territorial waters of the Bahamas. At best, the *M/Y En Route* is fit for use as a "Dock Queen" or rides in the Intracoastal Waterway or other calm inland waters.

32. Additionally, the vessel was not merchantable as it suffered from defects in material and workmanship, including among others, those that are identified in **Composite Exhibit "B."**

33. JEANNEAU and INTERMARINE have failed and/or refused to correct the problems or conform the vessel to the warranties made.

34. VOGT was using the *M/Y En Route* in its intended manner when he discovered the vessel's hull flexed abnormally, which caused significant cracking in the hull and interior.

35. As a direct and proximate result of JEANNEAU's and INTERMARINE's breaches of warranty, VOGT has suffered damages.

WHEREFORE, VOGT demands judgment against JEANNEAU and INTERMARINE for damages for breach of the implied warranty of merchantability, including interest, costs and any other and further relief the Court deems just, equitable and proper.

Case No.: 15-cv-62004
*Complaint*

# COUNT III
# BREACH OF IMPLIED WARRANTY
# OF FITNESS FOR A PARTICULAR PURPOSE

36. This is an action by VOGT against JEANNEAU and INTERMARINE for breach of implied warranty of fitness for a particular purpose, and is within this Court's jurisdiction pursuant to 28 U.S.C. 1367.

37. VOGT reavers and restates paragraphs 1 through 12 above, as if fully set forth herein.

38. By virtue of his direct negotiations with JENNEAU through its representatives and its dealer agent, INTERMARINE, privity of contract was created with both INTERMARINE and JEANEAU notwithstanding JEANNEAU's imposition of its intermediary, INTERMARINE, to conclude the sale.

39. VOGT was the foreseeable user of the *M/Y En Route*.

40. JENNEAU and INTERMARINE made specific representations about the quality and fitness of the *M/Y En Route* to VOGT.

41. In particular, JEANNEAU and INTERMARINE represented that the vessel would be fit for use in the coastal waters of the United States, Gulfstream crossings to the Bahamas and for use within the territorial waters of the Bahamas.

42. Additionally, JEANNEAU and INTERMARINE implicitly warranted the vessel would be fit for its intended use and merchantable.

43. JEANNEAU and INTERMARINE breached these warranties.

44. In particular, *M/Y En Route* was not fit for use in the coastal waters of the United States, Gulfstream crossings to the Bahamas or for use within the territorial waters of the

Bahamas. Instead, the vessel because of its poor quality, manufacturing and/or defective hull is not seaworthy for voyages in coastal waters, for Gulfstream crossings or for use in the territorial waters of the Bahamas. At best, the *M/Y En Route* is fit for use as a "Dock Queen" or rides in the Intracoastal Waterway or other calm inland waters.

45. Additionally, the vessel was not fit for its intended use or merchantable as it suffered from defects in material and workmanship, including among others, those that are identified in **Composite Exhibit "B."**

46. JEANNEAU and INTERMARINE have failed and/or refused to correct the problems or conform the vessel to the warranties made.

47. VOGT was using the *M/Y En Route* in its intended manner when he discovered the vessel's hull flexed abnormally, which caused significant cracking in the hull and interior.

48. As a direct and proximate result of JEANNEAU's and INTERMARINE's breaches of warranty, VOGT has suffered damages.

WHEREFORE, VOGT demands judgment against JEANNEAU and INTERMARINE for damages for breach of the implied warranty of fitness for a particular purpose, including interest, costs and any other and further relief the Court deems just, equitable and proper.

## COUNT IV
## BREACH OF MAGNUSSON MOSS WARRANTY ACT
*(VOGT against JEANNEAU and INTERMARINE)*

49. This is an action by VOGT against JEANNEAU and INTERMARINE for breach of the Magnusson Moss Warranty Act, 15 U.S.C. 2301, *et seq.*, and is within this Court's jurisdiction pursuant to 28 U.S.C. 1331. The amount in controversy, which are the reasonable and necessary costs to repair the defects or alternatively, replace the defective vessel or provide a full refund, are well in excess of $50,000.00, exclusive of costs, interest and attorney's fees.

50. VOGT reavers and restates paragraphs 1 through 12 above, as if fully set forth herein.

51. At all times material hereto, the *M/Y En Route* was a consumer product within the meaning of the Magnusson Moss Warranty Act.

52. At all times material hereto, JEANNEAU and INTERMARINE were commercial manufacturers, suppliers, merchants, warrantors and/or sellers of the *M/Y En Route* within the meaning of the Magnusson Moss Warranty Act.

53. At all times material hereto, VOGT was a consumer within the meaning of the Magnusson Moss Warranty Act.

54. JEANNEAU and INTERMARINE provided written warranties to VOGT. *See* **Composite Exhibit "A."**

55. Pursuant to the terms of the warranties, JEANNEAU and INTERMARINE assured VOGT that the vessel was fit and merchantable.

56. JEANNEAU and INTERMARINE further implicitly warranted the vessel was of merchantable quality, fit, safe and in a proper condition to be used with reasonable safety, efficiency and comfort.

57. JEANNEAU and INTERMARINE further implicitly warranted the vessel was fit for its intended use in the United States, and that in particular, that its hull was structurally sound and safe for travel in the coastal waters of the United States, and between Florida and the Bahamas and in the territorial waters of the Bahamas.

58. These implicit warranties arose by operation of law pursuant to Section 627.313, *et seq.*, *Florida Statutes*.

59. JEANNEAU and/or INTERMARINE sought to violate the Magnusson Moss Warranty Act by disclaiming implied warranties. [1] *See* February 28, 2014 Contract's "Additional Terms and Conditions" section disclaiming implied warranties; **Composite Exhibit "A."**

60. JEANNEAU breached the warranties as set forth above in Counts I, II and III above, which are incorporated herein by reference.

61. INTERMARINE breached the warranties set forth in Counts II and III above, which are incorporated herein by reference.

62. As a direct and proximate result of JEANNEAU and INTERMARINE's breaches of warranty in violation of the Magnusson Moss Warranty Act, VOGT suffered damages, including the costs to repair the structural and other defects, if reparable, and the ensuing damages resulting from the defects, and if not repairable, then the sales price and/or amount necessary to replace the vessel, and other damages.

63. INTERMARINE and/or JEANNEAU have attempted to repair the vessel, but failed to do so.

64. VOGT was required to retain the undersigned counsel to prosecute this action, and is obligated to pay them a reasonable fee for their legal services.

65. Pursuant to 15 U.S.C. 2310, VOGT is entitled to recover his reasonable attorney's fees for pursuing this action.

WHEREFORE, VOGT demands judgment against JEANNEAU and INTERMARINE for damages for breach of the Magnusson Moss Warranty Act, including the amount of

---

[1] Interestingly, the INTERMARINE sales contract, which disclaims any implied warranties, does not provide the name of the actual seller.

reasonable repairs, the amount necessary to replace the vessel and/or the refund of the full sales price, interest, attorney's fees, costs and any other and further relief the Court deems just, equitable and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION
*(VOGT against JEANNEAU and INTERMARINE)*

66. This is an action by VOGT against JEANNEAU and INTERMARINE for negligent misrepresentation, and is within this Court's jurisdiction pursuant to 28 U.S.C. 1367.

67. JEANNEAU is in the business in designing, manufacturing, importing, marketing, distributing and selling Prestige Yachts like the *M/Y En Route*.

68. INTERMARINE is in the business of marketing, brokering and selling Prestige Yachts like the *M/Y En Route* for JEANNEAU.

69. JEANNEAU through its authorized dealer agent, INTERMARINE, during the course of its business, misrepresented the quality and construction of the *M/Y En Route* and provided false information to VOGT.

70. In particular, JEANNEAU, through its authorized dealer agent, INTERMARINE, misrepresented to VOGT that the vessel was fit for use in the coastal waters of the United States, Gulfstream crossings to the Bahamas and for use within the territorial waters of the Bahamas. Instead, the vessel because of its poor quality, manufacturing and/or defective hull is not seaworthy for voyages in coastal waters, for Gulfstream crossings or for use in the territorial waters of the Bahamas. At best, the *M/Y En Route* is fit for use as a "Dock Queen" or rides in the Intracoastal Waterway or other calm inland waters.

71. JEANNEAU, through INTERMARINE provided the false information above, to VOGT in the furtherance of JEANNEAU and INTERMARINE's business of selling Prestige

Yachts, and specifically with the intent and for the purpose of inducing VOGT in his decision to purchase of the *M/Y En Route*.

72. At all times material hereto, JEANNEAU and INTERMARINE had a duty to exercise reasonable care in providing truthful information concerning the quality, construction of Prestige Yachts, including the *M/Y En Route*, with respect to her suitability and seaworthiness for voyages in the coastal waters of the United States, Gulfstream crossings and for use in the territorial waters of the Bahamas, to prospective purchasers such as VOGT.

73. JEANNEAU and INTERMARINE failed to exercise reasonable care or competence in communicating this information to VOGT.

74. VOGT justifiably relied on the false information provided by JEANNEAU through INTERMARINE concerning the quality, construction, seaworthiness and suitability of the *M/Y En Route* to navigate in the coastal waters of the United States, for Gulfstream crossings and for use in the territorial waters of the Bahamas.

75. As a direct and proximate result of the negligent misrepresentations of JEANNEAU through its authorized dealer and agent, INTERMARINE, VOGT suffered damages.

76. JEANNEAU is vicariously liable for the negligent actions and omissions of its authorized dealer agents, including INTERMARINE.

WHEREFORE, VOGT demands judgment against JEANNEAU and INTERMARINE for damages for negligent misrepresentation, interest, costs and any other and further relief the Court deems just, equitable and proper.

Case No.: 15-cv-62004<br>*Complaint*

## **JURY TRIAL DEMAND**

VOIGT hereby demands a jury trial on all claims, defenses, and issues raised in the entire cases, and that are so triable as a matter of law.

Dated this 22nd day of September, 2015.

    Respectfully submitted,

    Janssen & Siracusa, P.A.
    *Counsel for Plaintiff*
    120 South Olive Avenue, Suite 504
    West Palm Beach, FL 33401
    Tel. (561) 420-0583
    Fax (561) 420-0576
    Email: jjanssen@jasilaw.com
    Email: jsiracusa@jasilaw.com


    By: *s/ Joseph W. Janssen, III*
        JOSEPH W. JANSSEN, III
        Florida Bar No.
        JOHN M. SIRACUSA
        Florida Bar No. 0159670